# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BOBBY EDWARDS, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:23-cv-39 |
| v. | * | |
| WARDEN JEFFRY FIKES, | * | |
| Respondent. | * | |

## ORDER

This matter is before the Court on Petitioner Bobby Edwards' ("Edwards") Motion for Reconsideration of the Court's July 26, 2023 Order and Response to Respondent's Motion to Dismiss. Dkt. No. 13. For the reasons which follow, the Court **GRANTS** Edwards' Motion, **VACATES** the July 26, 2023 Order adopting the Magistrate Judge's Report and Recommendation and Judgment closing this case, dkt. nos. 11, 12, **RE-OPENS** this case, and re-refers Respondent's Motion to Dismiss to the Magistrate Judge.[1]

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond

---

[1] By necessity, the Court rejects the Magistrate Judge's Report and Recommendation. Dkt. No. 10. By implication, this Order results in the vacatur of the Report.

County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Edwards states he could not file a timely response to the motion to dismiss because he was temporarily transferred to another facility, that facility was placed on lockdown, and he did not have access to a typewriter or the law library. Dkt. No. 13 at 2. In addition, Edwards asserts he did not receive the motion to dismiss until after the time to respond had passed. Id.

The Magistrate Judge recommended the Court grant Respondent's Motion as unopposed based on Edwards' failure to respond and dismiss without prejudice Edwards' Petition based on

2

his failure to follow this Court's Order. As Edwards has now filed a Response to the Motion to Dismiss, as directed, dkt. no. 7, the recommended dismissal is no longer applicable.

Thus, the Court **GRANTS** Edwards' Motion for Reconsideration. The Court **VACATES** the July 26, 2023 Order adopting the Magistrate Judge's Report and Recommendation and Judgment closing this case, dkt. nos. 11, 12, **RE-OPENS** this case, and re-refers Respondent's Motion to Dismiss to the Magistrate Judge. The Court will consider the relative merits of the Motion to Dismiss and Edwards' Response in due course.

**SO ORDERED**, this 16 day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA